# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,    )
                             )
v.                            )     CR 2:10-042
                             )
KERRY GERRARD FREDRICK,    )
                             )
     Defendant.          )

## ORDER

Before the Court is Defendant Kerry Fredrick's motion for early termination of supervised release, dkt. no. 60, to which the Government objects, dkt. no. 61. For the reasons below, Defendant's motion is **DENIED.**

## BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to a lesser included offense of Count 4 of the Indictment, that is, distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Dkt. Nos. 46, 51. On August 10, 2011, Defendant was sentenced to 151 months' imprisonment, followed by five years of supervised release. Dkt. No. 51. The Court further ordered special conditions of supervision, as well as a $100 special assessment.

On or about May 10, 2021, Defendant was released from Bureau of Prisons' custody and commenced his term of

supervision. He now moves for early termination of same. Dkt. No. 60.

In his motion, Defendant argues that since his release, he has complied with all conditions of supervision. Id. at 1. The Court notes that, since he began his period of supervision, Defendant has maintained stable employment as well as a stable residence, and he has paid his special assessment in full. Defendant has completed three years of his five-year term of supervision.

Defendant's period of supervision has not been without incident, however. In November 2023, Defendant tested positive for use of marijuana, though he denied using the substance. A national testing laboratory ultimately confirmed the positive result. Further, early termination of Defendant's term of supervised release runs counter to both local and national policies due to Defendant's status as a sex offender.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such

action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for the positive strides he has made while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration of his offense, criminal history, supervised release violation, and the § 3553 factors, the Court **DENIES** Defendant's motion. Dkt. No. 60.

**SO ORDERED** this __28__ day of May, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA